IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARL LAVERN ROGERS, § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-08-3168 |
| § | |
| RICK THALER, § | |
| Respondent. § | |

## MEMORANDUM AND OPINION

Petitioner, Carl Lavern Rogers, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 174th Judicial District Court of Harris County, Texas. Respondent filed a motion to dismiss[1] the petition for writ of habeas corpus as time-barred, (Docket Entry No. 7), and copies of the state court record.

On June 8, 2009, this court dismissed this cause of action for want of prosecution because Rogers failed to respond to the respondent's motion for summary judgment and denied respondent's motion for summary judgment as moot. (Docket Entry No. 8). On June 17, 2009, Rogers filed a Motion to Reinstate, (Docket Entry No. 10), in which he advised the court that he had been unable to file a timely response because his unit of assignment was on lockdown status. The court grants Rogers's motion to reinstate. (Docket Entry No. 10). The court construes his motion to reinstate as his response to the respondent's motion for summary judgment.

---

[1] In this court's order entered on November 6, 2008, this court stated, "Respondent is cautioned that under Rule 12(c), FED. R. CIV. P., if matters outside the pleadings are relied upon, the respondent's motion shall be treated as a motion for summary judgment and should be titled as such." (Docket Entry No. 3, p. 2). Along with his motion to dismiss, respondent provides Exhibit A, records relating to Rogers's 2000 conviction, and Exhibit B, affidavit of Charlie Valdez, Program Specialist III with the Classification and Records Division of the TDCJ. Because matters outside the pleadings are relied upon, the court will construe respondent's motion to dismiss as one for summary judgment.

Having reviewed the respondent's motion, the record, and the applicable authorities, this court grants respondent's motion, for the reasons set forth below.

I.      **Background**

A jury found Rogers guilty of the felony offense of robbery by assault. (Cause Number 178040). On November 8, 1972, the court sentenced Rogers to life imprisonment. The Texas Court of Criminal Appeals affirmed Rogers's conviction on November 12, 1975. Rogers filed an application for state habeas corpus relief on May 10, 1977, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on July 7, 1977. *Ex parte Rogers,* Application No. 6,579-01 at cover.

In addition to his life sentence for robbery by assault, Rogers was convicted of three other offenses. Rogers asserts that he is eligible for release to mandatory supervision based on these convictions. On November 18, 1988, Rogers was convicted of unauthorized use of a motor vehicle and sentenced to thirty years imprisonment. (Cause Number 510896). On November 18, 1988, Rogers was convicted of two counts of aggravated robbery and sentenced to thirty years imprisonment. (Cause Number 513097).

On December 4, 2000, Rogers was convicted of possession of a prohibited substance in a correctional facility. (Cause Number 37,457). He was sentenced to a three-year prison term, to be served consecutively to his sentence in Cause Number 513097.

On October 20, 2008, this court received Rogers's federal petition. The petition was filed when Rogers tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court will presume that Rogers deposited his federal petition

in the prison mail on the date he signed it, which is October 17, 2008. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998). Rogers contends that his 1972 conviction is void for the following reasons:

(1)     No African-American served on the jury that convicted him;

(2)     The same evidence was used against him in both state and federal court, in violation of his right to be free from double jeopardy;

(3)     Trial counsel rendered ineffective assistance by going on vacation before the trial for robbery by assault; and

(4)     His sentence for possession of a controlled substance in a correctional facility is being served consecutively, which has delayed his release to mandatory supervision in violation of due process and the Ex Post Facto clause.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

**II.     The Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

### A. The Claims Relating to the 1972 Conviction

Rogers's first three claims relate to his 1972 conviction for robbery by assault. The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). The United States Court of Appeals for the Fifth Circuit held in *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998), and *United States v. Flores,* 135 F.3d 1000 (5th Cir. 1998), that 28 U.S.C. § 2254 federal habeas applicants and 28 U.S.C. § 2255 movants whose claims would have been otherwise time-barred immediately as of the enactment of the one-year limitations period in the AEDPA, instead have one year following AEDPA's effective date to file their applications.

Rogers is challenging a conviction entered on November 8, 1972, before the AEDPA's effective date. Rogers is presumptively entitled to a one-year reasonableness period from April 24, 1996, the effective date of AEDPA, in which to file his claim. *Flores,* 135 F.3d at 1006. That period expired on April 24, 1997. Rogers did not file this federal petition until October 17, 2008.

The pendency of a properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). In *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998), the Fifth Circuit clarified the *Flores* rule and held that the section 2244(d)(2) tolling provision applies to the one-year reasonableness period. However, Rogers's state applications did not toll the limitations period because they were not pending during the one-year reasonableness period. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Rogers may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993)(an inmate's pro se status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992)(holding that neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993). Rogers's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Rogers does not identify any other grounds for equitable tolling. The record does not disclose any basis to apply equitable tolling. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied,* 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied,* 531 U.S.

1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007 (1999).

Rogers does not satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented Rogers from filing an application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Additionally, Rogers's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Rogers has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). His claims relate to his trial that took place on November 8, 1972, and he reasonably should have been aware of them at that time.

Rogers's first three grounds for federal habeas relief attacking his 1972 conviction are barred by limitations.

### B. The Claim Relating to Release on Mandatory Supervision

In his fourth claim, Rogers challenges the denial of his release to mandatory supervision. This claim does not relate to his underlying conviction for robbery by assault. The date that Rogers's state conviction became final does not enter into this court's analysis of the timeliness of Rogers's federal petition. 28 U.S.C. § 2244(d)(1)(a). Rather, the court must consider the date on which Rogers discovered the factual predicate of his fourth claim. 28 U.S.C. § 2244(d)(1)(D).

Rogers claims that he can never begin to serve his three-year sentence because he is serving a life sentence. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, Attachment 1, p. 3). The record shows that Rogers was convicted of possession of a controlled substance in a correctional

facility on December 4, 2000. (Docket Entry No. 7, Respondent's Motion to Dismiss, Ex. A, p. 4). The judgment reflected that the three-year sentence for possession of a controlled substance in a correctional facility, would be served consecutively to his thirty-year sentence for aggravated robbery in Cause Number 513097. (*Id.*). As noted above, on November 18, 1988, Rogers was convicted of two counts of aggravated robbery and sentenced to thirty years imprisonment in Cause Number 513097.

On December 4, 2000, Rogers knew that his sentence for possession of a controlled substance in a correctional facility would not begin until he served his thirty-year sentence for aggravated robbery in Cause Number 513097. Additionally, Rogers knew that he was serving a life sentence for a 1972 conviction for robbery by assault in Cause Number 178040. The factual predicate of Rogers's claim should have been discovered by Rogers, at the latest, upon imposition of the three-year consecutive sentence on December 4, 2000. The limitations period ended one year later, on December 4, 2001. Rogers did not file this federal petition until October 17, 2008.

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). The one-year limitations period began on December 4, 2000. The limitations period ended on December 4, 2001, but Rogers waited until October 17, 2008 before filing his federal petition. Rogers's state application did not toll the limitations period because Rogers filed it after the limitations period had ended.

Rogers does not identify any other grounds for equitable tolling. The record does not disclose any basis to apply equitable tolling. Rogers does not satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented Rogers from filing an application for federal habeas relief prior to the end of the

limitations period. 28 U.S.C. § 2244(d)(1)(B). Additionally, Rogers's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Rogers has not shown that he did not know of the factual predicate of his claim earlier. 28 U.S.C. § 2244(d)(1)(D). His fourth claim relates to the imposition of a consecutive sentence that took place on December 4, 2000 and the calculation of his sentence. He reasonably should have been aware of the claim at that time.

Alternatively, the court finds that this claim lacks merit.[2] Rogers argues that he is eligible for release to mandatory supervision because he has served a significant portion of his sentence. State law does not permit Rogers to be released on mandatory supervision because of the life sentence he received for his robbery by assault conviction. The Texas Court of Criminal Appeals has held that a life-sentenced inmate is not eligible for release to mandatory supervision. *Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001). The court explained: "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 328. The *Franks* court declined to substitute some number of years for a life sentence to make it possible to calculate a mandatory supervision release date. The Fifth Circuit has followed the *Franks* holding in a habeas challenge by a Texas prisoner serving a life sentence. In *Arnold v. Cockrell*, 306, F.3d 277, 278 (5th Cir. 2002), the Fifth Circuit, citing to the

---

[2] Though the respondent did not address the merits of Rogers's fourth claim, a district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

Texas Court of Criminal Appeals's opinion in *Franks*, noted that "[i]t is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law," and "we defer to the state courts' interpretation" of its statute. *Arnold*, 306 F.3d at 279 (citing *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995)). In *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985), the Fifth Circuit stated: "We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law." The Fifth Circuit concluded that a state inmate serving a life sentence was not eligible for release under the Texas mandatory supervision statute and had no constitutionally protected interest in a loss of good time credits.

Rogers's life sentence means that a mandatory supervision release date can never be calculated, and will never arrive. Under state law, Rogers is not eligible for mandatory supervised release on his life sentence.

The state habeas court found that

> 1. Applicant fails to allege sufficient facts, which if true, would entitle him to relief on his claim that the Board of Pardons and Paroles increased his sentence length in violation of the ex post facto clause;
> 2. Applicant was convicted of the felony offense of robbery by assault, and sentenced by the jury to confinement for life in the primary case, cause number 178040.
> 3. Life-sentenced inmates are not eligible for mandatory supervision under both prior and amended versions of the statute governing release on mandatory supervision.

*Ex parte Rogers,* Application No. 6,579-05 at 31.

The Court of Criminal Appeals explicitly based its denial of habeas relief on these findings. Rogers has not produced clear and convincing evidence to rebut these findings. Rogers has not

demonstrated that the state court's decision to deny any of his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Rogers is not entitled to federal habeas corpus relief on this claim.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Rogers's fourth ground for federal habeas relief is untimely.

### III. Conclusion

Rogers's Motion to Reinstate, (Docket Entry No. 10), is GRANTED. On reconsideration, Respondent's Motion to Dismiss as Time-Barred, construed as a motion for summary judgment, (Docket Entry No. 7), is GRANTED. Rogers's petition for a writ of habeas corpus is DENIED. This case is DISMISSED with prejudice. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Rogers has not made the showing necessary for issuance of a COA.

SIGNED at Houston, Texas, on Nov. 16, 2009.

*(signature)*
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE